IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

REBECCA COLBERT                                                                    PLAINTIFF
107 Fenley Ave #K8
Louisville, KY 40207

                                                      Case No. 3:21-cv-517-RGJ
v.
                                                      Judge Rebecca Grady Jennings

                                                                                   DEFENDANTS

MOHELA/DEPT OF ED
633 Spirit Drive
Chesterfield, MO 63005


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                         421 W. Main Street
                         Frankfort, Kentucky 40601
                         (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

       SERVE:    CT Corporation System
                          306 W. Main Street, Suite 512
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. ADAMS STREET
CHICAGO, ILLINOIS 60661

       SERVE:    CT CORPORATION SYSTEM
                          306 W. Main Street, Suite 512
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Rebecca Colbert, by counsel, and for her Verified Complaint against the Defendants, MOHELA/Dept of Ed "MOHELA", and , Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; MOHELA's false reporting to Equifax and Experian and Trans Union of default history on

THREE (3) of Plaintiff's transferred MOHELA accounts; and other credit accounts of Plaintiff's; and Defendants' failure to correct MOHELA's false reporting, and other creditors false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Rebecca Colbert, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 107 Fenley Ave, #K8, Louisville, KY 40207.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, MOHELA, is a Missouri Corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 633 Spirit Drive, Chesterfield MO 63005.

5. MOHELA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around October 2020, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax and Experian, and Trans Union credit reports and discovered that MOHELA was reporting default account history for Plaintiff's MOHELA student loan accounts and default history for other various credit accounts.

17. Immediately upon discovering MOHELA's false and derogatory tradelines which

showed Plaintiff's student loan accounts with default histories, Plaintiff filed written disputes with Equifax and Experian, and Trans Union regarding the inaccuracy of the MOHELA tradelines and other creditor tradelines, given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

18. Upon information and belief, Equifax and Experian and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified MOHELA of the disputes at or within five (5) days of Equifax's, Experian's, and Trans Union's receiving notice of the disputes from Plaintiff.

19. In and around October 2020, Plaintiff accessed her credit reports and the disputed tradelines were still reporting as they were prior to her dispute. Equifax, Experian and Trans Union failed to send Plaintiff her dispute results and failed to investigate these tradeline verified the accuracy of the MOHELA tradelines and other tradelines reporting on Plaintiff's credit reports. Plaintiff was in a credit rehabilitation program with MOHELA and no default should have been reported.

20. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA; MOHELA, Equifax, Experian, Tran Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

21. Upon information and belief, MOHELA, Equifax, Experian, and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

22. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure

to investigate Plaintiff's disputes and Defendants' reporting of the MOHELA account default histories and other credit histories. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – MOHELA

23. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

24. Nelnet's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of the default history of Plaintiff's MOHELA's accounts are violations of MOHELA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

25. MOHELA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Mohela is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

26. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

27. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting

of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(o), for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

30. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

31. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

34. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

35. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – MOHELA**

38. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

39. MOHELA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian, Trans Union of the default history of Plaintiff's MOHELA's

accounts, despite MOHELA's knowledge of the falsity of its reporting, are willful violations of MOHELA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

40. Given MOHELA's knowledge of the falsity of its reporting, MOHELA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which MOHELA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

41. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

42. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

43. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

44. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

45. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

46. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

47. Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

48. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

49. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

50. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the

disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

52. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael Johnson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

/s/CHRISTOPHER T. KURTZ
Christopher T. Kurtz Attorney
608 Baxter Avenue
Louisville, KY 40204
Phone, (502) 749-3600
Facsimile, (502) 749-3766
chris@ckurtzlaw.com
*Counsel for Plaintiff*

## VERIFICATION

I, Rebecca Colbert, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Rebbeca Colbert

COMMONWEALTH OF KENTUCKY  )
                          ) SS
COUNTY OF JEFFERSON       )

Subscribed, sworn to and acknowledged before me by Rebecca Colbert on this 27 day of April, 2021.

_____
Notary Public
Commission expires: 7/25/2021

*[Notary seal: CHRISTOPHER T. KURTZ, My Commission Expires 07-25-2024, Notary ID #KYNP11456, NOTARY PUBLIC, STATE AT LARGE, KENTUCKY]*