UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (LOUISVILLE)

| | |
|---|---|
| REBECCA COLBERT,<br>    Plaintiff, | CASE NO. 3:21-cv-00517-RGJ<br>**ELECTRONICALLY FILED** |
| vs. | Judge Rebecca Grady Jennings |
| MOHELA/DEPT OF ED; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC;<br>    Defendants. | |

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**I. PRELIMINARY STATEMENT**

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 <u>et seq</u>. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; MOHELA's false reporting to Equifax and Experian and Trans Union of default history on THREE (3) of Plaintiff's transferred MOHELA accounts; and other credit accounts of Plaintiff's; and Defendants' failure to correct MOHELA's false reporting, and other creditors false reporting on Plaintiff's credit reports.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## II.  PARTIES

2. Plaintiff, Rebecca Colbert, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 107 Fenley Ave, #K8, Louisville, KY 40207.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15U.S.C. § 1681a(c).

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant, MOHELA, is a Missouri Corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 633 Spirit Drive, Chesterfield MO 63005.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. MOHELA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. § 1681(p); (2) pursuant to 28 U.S.C. § 1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### IV. FACTUAL BACKGROUND

16. In or around October 2020, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax and Experian, and Trans Union credit reports and discovered that MOHELA was reporting default account history for Plaintiff's MOHELA student loan accounts and default history for other various credit accounts.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17. Immediately upon discovering MOHELA's false and derogatory tradelines which showed Plaintiff's student loan accounts with default histories, Plaintiff filed written disputes with Equifax and Experian, and Trans Union regarding the inaccuracy of the MOHELA tradelines and other creditor tradelines, given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. § 1078-6(c) and 34 C.F.R. § 682.405(b)(2).

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. Upon information and belief, Equifax and Experian and Trans Union, pursuant to the requirements stated in 15 U.S.C. § 1681i(a)(2)(A), notified MOHELA of the disputes at or within five (5) days of Equifax's, Experian's, and Trans Union's receiving notice of the disputes from Plaintiff.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

19. In and around October 2020, Plaintiff accessed her credit reports and the disputed tradelines were still reporting as they were prior to her dispute. Equifax, Experian and Trans Union failed to send Plaintiff her dispute results and failed to investigate these tradeline [sic] verified the accuracy of the MOHELA tradelines and other tradelines reporting on Plaintiff's credit reports. Plaintiff was in a credit rehabilitation program with MOHELA and no default should have been reported.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA; MOHELA, Equifax, Experian, Tran Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. Upon information and belief, MOHELA, Equifax, Experian, and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the MOHELA account default histories and other credit histories. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act - MOHELA

23. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

24. Nelnet's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of the default history of Plaintiff's MOHELA's accounts are violations of MOHELA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25. MOHELA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o for which Mohela is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Negligent Violation of the Fair Credit Reporting Act - Equifax

26. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

27.   Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28.   Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.   Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681(o), for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Negligent Violation of the Fair Credit Reporting Act - Experian

30.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

31.     Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Negligent Violation of the Fair Credit Reporting Act - Trans Union

34. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

35. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

36. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

37. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

### Willful Violation of the Fair Credit Reporting Act - MOHELA

38. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

39. MOHELA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian, Trans Union of the default history of Plaintiff's MOHELA's accounts, despite MOHELA's knowledge of the falsity of its reporting, are willful violations of MOHELA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. Given MOHELA's knowledge of the falsity of its reporting, MOHELA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which MOHELA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Willful Violation of the Fair Credit Reporting Act - Equifax

41. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

42. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Willful Violation of the Fair Credit Reporting Act - Experian

45. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

46. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Willful Violation of the Fair Credit Reporting Act - Trans Union

49. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

50. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable

time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

52. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Michael Johnson [sic], respectfully demands the following:

1. Trial by jury on all issues so triable;
2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;
3. For attorneys' fees and costs; and,
4. Any and all other relief to which Plaintiff's may appear to be entitled.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.
2. Trans Union's reports concerning Plaintiff were true or substantially true.
3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.
4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7. Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ Sandra Davis Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400, Ext. 134
Fax: 317-363-2257
E-Mail: sjansen@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **13th day of September, 2021**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Christopher T. Kurtz, Esq.<br>chris@ckurtzlaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **13th day of September, 2021**, properly addressed as follows:

| | |
|---|---|
| None. | |

*s/ Sandra Davis Jansen*
Sandra Davis Jansen, Esq. (IN #27803-53)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400, Ext. 134
Fax:  317-363-2257
E-Mail:  sjansen@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*